**FILED**
**JANUARY 23, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BILEK )  | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| COUNTRYWIDE BANK FSB and ) | |
| COUNTRYWIDE HOME LOANS LP ) | |
| Defendants. )  JURY DEMAND | |

**08 C 498**

**JUDGE GOTTSCHALL**
**MAGISTRATE JUDGE NOLAN**

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff seeks redress in this action for defendants' debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337 and 15 U.S.C. § 1692k(d) (FDCPA). Venue in this District is proper because plaintiff resides here and defendants transact business here.

**PARTIES**

3. Plaintiff Christopher Bilek resides in Bridgeview Illinois.

4. Defendant Countrywide Bank FSB is a national bank that operates branches in Cook County.

5. Defendant Countrywide Home Loans Servicing LP is Countrywide Bank's subservicing partner.

6. While defendants' activities are not strictly limited to debt collection activities, they are operating as such with respect to plaintiff and the class in this instance, and admit such in correspondence with plaintiff and the class.

**FACTS**

7. American Home Mortgage was servicing plaintiff's mortgage loan prior to January 1, 2007. During the time American Home Mortgage was servicing plaintiff's loan it made numerous servicing errors as set forth in *Bilek v. American Home*, 07 C 4147 (N.D.Ill) (St. Eve, J.), which is stayed pending American Home's bankruptcy.

8. Prior to filing bankruptcy, American Home Mortgage was wrongfully asserting that plaintiff was in default of his loans.

9. Subsequently, plaintiff's loan was transferred to Countrywide Bank, FSB. It was purportedly in default when it was transferred.

10. Defendants sent plaintiff a debt collection letter dated January 4, 2008.

11. The letter is attached as Exhibit A, and states, "Effective January 01, 2008, the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from American Home Mortgage to Countrywide Bank, FSB and its subservicing partner Countrywide Home Loans Servicing LP (Countrywide) !. [sic]"

12. On information and belief, the statement in Exhibit A that the "servicing" of plaintiff's loan was transferred from American Home Mortgage to Countrywide Bank, FSB and Countrywide Home Loans Servicing LP is correct.

13. In Exhibit A, Countrywide Bank, FSB and Countrywide Home Loans Servicing LP hold themselves out as "partners" in servicing plaintiff's loan.

14. Despite the apparent January 1, 2008 change in servicing to defendants, the

January 4, 2008 letter states that "Your *present servicer* is American Home Mortgage. (Emphasis original.)

15. Despite the apparent January 1, 2008 change in servicing, the January 4, 2008 letter states "The date American Home will stop accepting payments from you is December 21, 2007. The date that your new servicer, Countrywide, will start accepting payments from you is December 22, 2007." Exhibit A.

16. Despite the apparent January 1, 2008 change in servicing, the January 4, 2008 letter refers debtors to American Home Mortgage for questions: "If you have any questions relating to the transfer of servicing from American Home Mortgage, call Customer Service, toll free, at 1-877-304-3100 between Monday through Friday, 7:00AM to 7:00PM CST." Exhibit A.Exhibit A also contains a debt validation notice and the statement that Countrywide is considered a debt collector under the Fair Debt Collection Practices Act.

17. Plaintiff disputes any arrearage was outstanding.

**VIOLATIONS ALLEGED**

18. Defendants' letter falsely stated that plaintiff's "*present servicer*" was American Home Mortgage.

19. Exhibit A contains conflicting messages regarding when defendants would become the mortgage servicer and on what date the location and company to mail his payment would change.

20. It is also unfair for a mortgage loan collector to send debtors a letter notifying them of a change in payment terms and servicing after the changes have taken place.

21. "Debt collectors cannot make false claims, period." *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996).

22. Defendant violated the FDCPA 15 U.S.C. §§ 1692e and 1692f.

## CLASS ALLEGATIONS

23. Plaintiff brings this claims on behalf of a class.

24. The class consists of (a) all natural persons with Illinois addresses (b) to whom defendants sent letters substantially in the form of Exhibit A, (c) seeking to collect a past due mortgage loan that had previously been serviced by American Home Mortgage, (d) which letters were sent on or after a date one year before the filing of this complaint, and on or before a date twenty days after the filing of this complaint.

25. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

26. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

27. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

28. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

29. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

_____WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    a. Statutory damages;

      b.      Attorney's fees, litigation expenses and costs of suit;

      c.      Such other or further relief as the Court deems appropriate.

Respectfully submitted,

/s/Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Ste. 2000
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Keith J. Keogh
Keith J. Keogh